JUDGE STEIN

14 CV 3108

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KEYLA TEJADA,

                               Plaintiff,

               - against -

CITY OF NEW YORK,
CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-3,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,
                              Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES

RECEIVED

MAY - 1 2014

U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, KEYLA TEJADA, by her attorneys, NASS & ROPER LAW, LLP, complaining

of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff, KEYLA TEJADA, seeks damages to

      redress the deprivation, under color of state law, of rights secured to her under the

      Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

      On or about November 20, 2013, at approximately 1:00 p.m., at the Manhattan

      Detention Center in the County, City and State of New York, Plaintiff was falsely

      arrested by Defendants including, but not limited to, CORRECTIONS OFFICER

      JOHN/JANE DOE(S) #'S 1-4 and POLICE OFFICER JOHN DOE(S) #'S 1-4. It is

      alleged that Defendants falsely arrested Plaintiff and maliciously prosecuted claims

      against her in violation of her constitutional rights.

## II. JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which

      provides for original jurisdiction in this court of all suits brought pursuant to 42

      U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases

brought pursuant to the Constitution and laws of the United States.  This Court has

pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3.    Plaintiff, KEYLA TEJADA, at all times relevant hereto resided in Bronx County,

specifically 1978 Morris Avenue, in the City and State of New York.

4.    Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation,

incorporated pursuant to the laws of the State of New York, which operates the New

York City Police Department (hereinafter "NYPD"), and as such is the public

employer of the Defendant officers herein.

5.    Defendants, POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-3 were NYPD police

officers, and at all relevant times hereto, acted in that capacity as agents, servants,

and/or employees of Defendant CITY and within the scope of their employment.

6.    Defendants, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-3 were

employed as Police Officers, Detectives, or in some other capacity as an agents

and/or employees of the NEW YORK CITY DEPARTMENT OF CORRECTIONS,

an agency, department and/or subsidiary of Defendant, CITY OF NEW YORK.

7.    At all relevant times hereto, Defendants were acting under the color of state and local

law.  Defendants are sued in their individual and official capacities.  At all relevant

times hereto, Defendant CITY was responsible for making and enforcing the policies

of NYPD and was acting under the color of law, to wit, under color of the statutes,

ordinances, regulations, policies, customs and usages of the State of New York and/or

the City of New York.

### IV. FACTS
2

8.  On or about November 20, 2013, at approximately 1:00 p.m., Plaintiff, KEYLA TEJADA ("TEJADA"), was visiting a friend at the Manhattan Detention Center located at 125 White Street in the County of New York.

9.  TEJADA went through the metal detectors to enter the facility and placed her belongings on the conveyor belt.

10. Defendants, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-3, then searched the purse of TEJADA and told her to step aside.

11. Defendants told TEJADA that she needed to "speak to the Captain," to which TEJADA asked what the reason was.

12. TEJADA would be forced to wait approximately three (3) hours in a booth before the "Captain" arrived and put her in handcuffs.

13. TEJADA was then told that there was a box-cutter in her purse and they asked why she had it.

14. TEJADA explained that she uses it for work as a cashier and forgot that she had it in her purse.

15. Defendants then proceeded to search TEJADA in a bathroom and then brought her back to the booth where she would wait approximately three (3) more hours.

16. Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3 came to the scene, placed TEJADA under arrest and held her at the precinct for approximately 24 hours before bringing her to central booking.

17. TEJADA appeared before a judge and bail was ordered for her.

18. TEJADA would be remanded for approximately five (6) days before testifying before the Grand Jury, at which point all charges against her were dismissed.

3

19.    That prior hereto on December 16, 2013, and within the time prescribed by law, a
       sworn Notice of Claim stating, among other things, the time when and place where
       the injuries and damages were sustained, together with TEJADA'S demands for
       adjustment thereof, was duly served on the claimant's behalf on the Comptroller for
       the City of New York and that thereafter said Comptroller for the City of New York
       refused or neglected for more than thirty (30) days, and up to the commencement of
       this action, to make any adjustment or payment thereof, and that thereafter, and
       within the time provided by law, this action was commenced.

20.    That Defendants had the right to conduct a hearing, pursuant to General Municipal
       Law § 50-h, regarding the facts and circumstances of the incident complained of
       herein, provided it gave notice within thirty (30) days of service of the aforesaid
       Notice of Claim, and that on February 28, 2013, the law firm of *Schiavetti, Corgan,*
       *DiEdwards, Weinberg & Nicholson, LLP*, outside counsel for Defendant, CITY OF
       NEW YORK, conducted that hearing of Plaintiff, KEYLA TEJADA, for which
       Plaintiff appeared and testified.

### V. <u>FIRST CAUSE OF ACTION</u>
### Pursuant to §1983 (FALSE ARREST)

21.    Paragraphs 1 through 20 of this complaint are hereby re-alleged and incorporated by
       reference herein.

22.    That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause
       or excuse to seize and detain her for approximately 48 hours.

23.    That in detaining Plaintiff for approximately 48 hours, and without a fair and reliable
       determination of probable cause, Defendant CITY abused its power and authority as a

4

policymaker of the New York City Police Department under the color of State and/or local law.

24. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

25. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

26. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

27. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

28. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

29.   Paragraphs 1 through 28 are hereby re-alleged and incorporated by reference herein.

30.   That the seizure, detention and imprisonment of Plaintiff was unlawful in that
      Defendants had no probable cause to detain, or, arrest her.

31.   That Defendants intended to confine Plaintiff.

32.   That Plaintiff was conscious of the confinement and did not consent to it.

33.   That the confinement was not otherwise privileged.

34.   By reason of Defendants acts and omissions, Defendants, acting in gross and wanton
      disregard of Plaintiff's rights, deprived her of her liberty when they subjected her to
      an unlawful, illegal and excessive detention, in violation of State law.

35.   That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury,
      deprivation of liberty and privacy, terror, humiliation, damage to reputation and other
      psychological injuries.  All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

36.   Paragraphs 1 through 35 are hereby re-alleged and incorporated by reference herein.

37.   That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal
      proceeding despite the knowledge that Plaintiff had committed no crime.

38.   That the criminal matter against Plaintiff was terminated in her favor and the court
      dismissed the case on or around November 29, 2013.

39.   That by reason of Defendants' acts and omissions, Defendants, acting under the color
      of state law and within the scope of their authority, in gross and wanton disregard of
      Plaintiff's rights, deprived Plaintiff of her liberty when they maliciously prosecuted
      her and subjected her to an unlawful, illegal and excessive detention, in violation of

6

her rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

40.   That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that she had committed no violation of the law.

41.   That upon information and belief it was the policy and /or custom of Defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

42.   That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

44.   That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

45.   That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

7

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

46.   Paragraphs 1 through 45 are hereby re-alleged and incorporated by reference herein.

47.   That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal

proceeding despite the knowledge that Plaintiff had committed no crime.

48.   That the criminal matter has been dismissed in Plaintiff's favor.

49.   That there was no probable cause for the arrest and criminal proceeding.

50.   Defendants knew or should have known that there was no likelihood of a conviction

of Plaintiff.

51.   That by reason of Defendants acts and omissions, Defendants, acting under the color

of state law and within the scope of their authority, in gross and wanton disregard of

Plaintiff's rights, deprived Plaintiff of her liberty when they maliciously prosecuted

him in violation of the Laws of the State of New York.

52.   That by reason of the foregoing, Plaintiff suffered physical and psychological

injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic

damages including attorneys' fees, damage to reputation, shame, humiliation, and

indignity.  All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

53.   Paragraphs 1 through 52 are hereby re-alleged and incorporated by reference herein.

54.   That at all times, all Defendants were acting within the scope of their employment.

55.   That Defendant CITY was able to exercise control over Defendant Officers'

activities.

8

56.  That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

57.  By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1.  Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2.  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3.  Awarding Plaintiff interest from November 20, 2013; and

4.  Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5.  Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
       April 30, 2014

Yours, etc.

JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP

9

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, KEYLA TEJADA.  I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:      New York, New York
            April 30, 2014


                                        JUSTIN M. ROPER, ESQ.

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEYLA TEJADA,

Plaintiff,

– against –

CITY OF NEW YORK, ET AL.

Defendants.

## SUMMONS & VERIFIED COMPLAINT

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**KEYLA TEJADA**
**14 Penn Plaza, Suite 2004**
**New York, New York 10122**
**(718) 775-3246**
**Fax: (718) 775-3246[*]**

---

[*] Not for service of papers.